### CONSTRUCTION OF AN ILLITERATE WILL.

Court of Appeals for Knox County.

FLORENCE E. MILLER v. WILLIAM I. CLINE ET AL.

Decided, May 20, 1916.

*Wills—Construction to be Adopted—Where Evidently Drawn by a Layman—Unfamiliar With Grammatical Rules or Punctuation—Most Obvious Meaning Must be Sought and Adopted.*

The illiterate will involved in the instant case is construed by the court in the manner which gives to the words and sentences used the meaning which it seems most probable the testator intended to convey.

*L. C. Stillwell,* for plaintiff in error.
*Columbus Ewalt,* contra.

HOUCK, J.

This is an action praying the direction of the court in regard to the construction of the last will and testament of Hugh A. Miller, deceased.

On the 20th day of December, 1907, Hugh A. Miller, then a resident of Clay township, Knox county, Ohio, made and executed a paper writing which he intended as and for his last will

and testament. On the 20th day of March, 1908, the said Hugh A. Miller departed this life, leaving no issue or other legal representatives, but leaving his widow, Florence E. Miller, surviving him. On the 6th day of April, 1908, said will was duly admitted to probate and recorded in the Probate Court of Knox County, Ohio, the same being in the words and figures following:

"First. I desire that all my just debts and funeral expenses be paid as soon as practicable after my decease.

"Second. I give and bequeath to my beloved wife all of my property both real and personal consisting of the farm on which we now reside situated in clay Township Knox county. Ohio being eighty Six acres, and one farm containing one hundred and Sixty Six acres in Harrison Township Knox county Ohio during her natural life and all the Stock house hold goods furniture provisions and other goods and chattels which may be thereon and all moneys If any at the time of my decease without making any appraisement or Sale of Such property only as my wife deems best either public or private I make a request of my wife at the time Albert. Summit. a foster boy that we are raising If he still continues of being a good boy to both of us until he is twenty one years old for my wife, Florence E Miller, to give him Two thousand dollars in money If my wife Should marry again I want all of Said property to be and to be kept in my wifes name during her life and after my wifes death, I want the property If there Should be any, I give to Albert Summit one half of what is left. and the other half to be given to the Trustees of the Baptist Church of Martinsburg Ohio, for the benifit of Said Church as they think best.

"I nominate and appoint Florence, E Miller to be the executrix of this Will, without bond."

We are required to construe this will in order to determine the nature and extent of the estates of Florence E. Miller, the surviving widow, the Baptist Church, of Martinsburg, Ohio, and Albert Summit, the foster son of testator. It will be observed from the language and punctuation used in said will that the scrivener was not skilled in the drawing of wills, and in all such cases the aim and object of the interpreting court is and must be, if possible, to dispel the effect of some careless, incorrect or ignorant use of language or improper punctuation on

the part of the testator or his scrivener, and make the will inter-
pret what the testator evidently meant and intended, just as
though his ideas had been clearly and correctly stated and ex-
pressed therein.

The natural and literal import of the words and phrases used
is presumed to have been intended, and each word is to have its
effect and its usual meaning given to it, if the general intent
be not thwarted thereby.  Indeed, it is the duty of an inter-
preting court to deal lightly with errors of syntax and punctua-
tion, where the testator did not write his own will, as in the
instant case.  The sole purpose of making a will is to express in
written language the wishes of the testator and thereby carry
out his intentions, and the only object of construction is to
ascertain that intent, which must be obtained from the words
used in the will.  The inquiry is not, what thought did the
testator wish to express by the language used, but what thought
has he expressed by the words and sentences used in his will?
The judicial expositor must interpret the language as it appears
in the will, and therefore if the scrivener did not, by reason of
lack of knowledge, inadvertence or carelessness on his part, use
the language that would properly carry out the intentions of
the testator in the disposition of his property, the responsibility
is with the testator and not with the court, for its interpretation
is based solely on the language as found in the instrument.  The
rule for the construction of a will in Ohio is well established,
being as follows:

*First.*  In the construction of a will the sole purpose of the
court should be to ascertain and carry out the intention of the
testator.

*Second.*  Such intention must be warranted from the words
contained in the will.

*Third.*  The words contained in the will, if technical, must
be taken in their technical sense, unless it appears from the
context that they were used by the testator in some secondary
sense.

*Fourth.*  All parts of the will must be construed together,
and effect, if possible, given to every word contained in it.

*Fifth.* In construing a will grammatical accuracy need not be obtained, but it should be read with a view to the situation and circumstances of the testator in reference to the subjects of his disposition and the objects of his bounty.

*Sixth.* With these collateral aids to a correct interpretation the will must speak for itself, and the intention of the testator be gathered from what appears on its face.

While these rules are used in the interpretation of wills, yet to lay down any positive and definite rules of universal application in the interpretation of wills is impossible, for every will must stand or fall upon the language used therein and the test that is applied to it, and therefore courts are not inclined to follow rules of construction blindly, but interpret reasonably in each particular case. We feel that our theory as to the rule of construction applicable to the case at bar is fully borne out by our Supreme Court in the case of *Moon, Admr.,* v. *Stewart et al,* 87 O. S., 357-358, where Judge Johnson, speaking for the court, says:

"It may be safely remarked that in the report of cases involving the construction of wills it is no longer necessary or profitable to discuss the various general rules which control the inquiry. They are well established, simple and familiar. Rules for construing wills are less rigid than those for construing other instruments. Where a will bears the earmarks, as in this case, of having been drawn by a layman, and not by a lawyer, the court in the endeavor to arrive at the intent of the testator will not view the language technically, but liberally, and with reference to its popular meaning. It is very rare that any two wills present precisely the same question, and therefore in construing doubtful clauses the court will ascertain the intention of the testator, as the language of such clauses may reasonably be interpreted in the particular case. It has been well said that cases on wills may well guide as to general rules of construction, but unless a case be directly in point in its essential circumstances and data, it should have little weight with the court."

Giving to the language of the will under consideration that plain meaning that the words and sentences therein must certainly convey, and applying thereto the rules of interpretation

as herein laid down, we can arrive at but one conclusion, and that is that the testator intended to dispose of his property as follows:

*First.* To Florence E. Miller, his surviving widow, a life estate in all of the real estate described in his will.

*Second.* To Florence E. Miller, his surviving widow, all of his personal property, including moneys, absolutely; subject, however, to the payment of his funeral expenses and just debts, if any.

*Third.* Under the terms and provisions of said will, Albert Summit is entitled to a legacy of two thousand dollars, providing he complies with the conditions imposed upon him in said will, the same to be a lien on the real estate described in the will, subject, however, to the life estate of Florence E. Miller, surviving widow of Hugh A. Miller, the testator.

*Fourth.* After the death of the widow, Florence E. Miller, and the payment of the legacy of two thousand dollars to Albert Summit, provided he complies with the conditions imposed upon him with reference to the said legacy, the one-half of said real estate described in said will shall go to and vest in the said Albert Summit, and one-half shall go to and vest in the Baptist Church, located at Martinsburg, Ohio.

Judgment and decree accordingly.

SHIELDS, J., and POWELL, J., concur.